MESERVE et al. v. POMONA LAND AND WATER CO. et al.

No. 19,112; October 10, 1893.

34 Pac. 508.

**Appeal—Harmless Error.**—Where the Record Shows That Evidence offered by plaintiff was admitted subject to defendant's objections, plaintiff cannot complain of the subsequent failure of the court to rule on the objections.

APPEAL from Superior Court, Los Angeles County; Walter Van Dyke, Judge.

Action by E. A. Meserve and others against the Pomona Land and Water Company and others. There was a judgment in favor of defendants and plaintiffs appeal. Affirmed.

Chapman & Hendrick and Edwin A. Meserve for appellants; Olney, Chickering & Thomas for respondents.

PER CURIAM.—The plaintiffs claim to own, and to be entitled to divert and use upon their lands, 567/10,000 of all the waters flowing in and from the San Antonio canyon, which is located partly in Los Angeles county and partly in San Bernardino county; and they brought this action to have their title to the part of the said waters, so claimed by them, quieted, as against the defendants. The answer denied all the material averments of the complaint, and set up in bar of the action the statute of limitations. The court below found the facts and gave judgment in favor of the defendants, and the plaintiffs appeal from an order denying their motion for a new trial. The findings cover all the issues, and the principal contention of the appellants is that they were not justified by the evidence. The evidence set out in the statement is oral and documentary, and, while much of it is only briefly stated

in substance, it still extends over more than one hundred and fifty pages of the printed transcript. The facts of the case are numerous, and in many respects complicated, and to state them so they could be intelligently understood would require a long opinion, which would never be of use in any other case. Counsel on both sides have argued the questions presented at great length, and with marked ability; but to follow them, and state their points, would subserve no useful purpose. It is enough to say that, after carefully going over the record, we think the evidence must be held sufficient to justify the findings, and hence that they cannot be disturbed on appeal.

The statement contains but one specification of errors of law occurring at the trial, and that is as follows: "The court erred in not ruling upon the objections interposed by the plaintiffs to the introduction of evidence in this case, where the rulings of the court were reserved." The action of the court complained of is this: The plaintiffs offered in evidence a certain written agreement, and the defendants objected to it "on the ground that it was an agreement between other parties, and was incompetent, irrelevant and immaterial. The Court: It will be allowed, subject to your objection, and passed upon hereafter." It is said for appellants: "If the court ever ruled upon this question, it nowhere appears; and we say that the court erred in not ruling, and that we are entitled to a new trial for that reason." The word "plaintiffs," in the specification, should probably be read "defendants," for otherwise the specification would not be at all applicable. Assuming, however, that the specification is sufficient, and no ruling was made by the court upon the objections of defendants, still no error prejudicial to the plaintiffs is shown. They offered the written agreement, and the court admitted it in evidence, and, so far as appears, did not afterward exclude it. Presumptively, therefore, they got all the benefit from the agreement which they were entitled to, and have nothing now to complain of. It follows that the order appealed from must be affirmed, and it is so ordered.